UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| OLD REPUBLIC INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3: 03-CV-1611-B |
| RONALD STAFFORD, | § § § | |
| Defendant. | § | |

## MEMORANDUM ORDER

Before the Court are Defendant Ronald Stafford's ("Stafford") Motion for Approval of Second and Final Application for Defendant's Attorney's Fees ("Fee Application"), filed November 4, 2004, and Plaintiff Old Republic's ("Old Republic") Motion for Approval of Attorney's Fees, filed October 6, 2004. Stafford moves the Court for an award of attorney's fees and expenses against Old Republic in the amount of $85,668.04, plus additional fees for appellate work performed should an appeal be filed. On December 27, 2004, the Court issued a Memorandum Order in which it found that the evidence presented in support of Stafford's motion was insufficient to support the requested award; however, the Court allowed Stafford an opportunity to file supplemental evidence before ruling definitively on the motion. On January 25, 2005, Stafford presented a Supplemental Submission of Evidence in Support of Application for Attorney's fees, to which Old Republic responded and filed objections on February 10, 2005.

For the reasons set forth in this order, the Court GRANTS Stafford's Fee Application in part, OVERRULES Old Republic's objections to Defendant's Supplemental Submission of Evidence (to

1

the extent not otherwise addressed in this order), and DENIES without prejudice Old Republic's Motion for Approval of Attorney's Fees.

## I. Background[1]

This diversity action is an appeal of a final decision of the Texas Workers' Compensation Commission ("TWCC"). The TWCC determined, after a Contested Case Hearing, that Stafford sustained a compensable injury within the meaning of the Texas Labor Code on May 2, 2002 while working as a mechanic for his employer, Roadway Express. The TWCC further found that Stafford was disabled from May 3, 2002 through May 16, 2002, and from July 14, 2002 through the date of the Contested Case Hearing. The TWCC accordingly found that Stafford was entitled to receive workers' compensation benefits. The TWCC Appeals Panel affirmed the decision of the Contested Case Hearing Officer.

Old Republic is the workers' compensation insurance carrier for Roadway Express. Old Republic filed this lawsuit under § 410.251 of the Texas Labor Code, seeking to overturn the Contested Case Hearing and Appeals Panel decisions of the TWCC. A jury trial was held, and on October 15, 2004, the jury found that Stafford had sustained an injury in the course and scope of his employment for Roadway Express on May 2, 2002 and that Stafford had a disability resulting from that injury from May 3, 2002 through May 16, 2002 and from July 14, 2002 through April 17, 2003. Judgment was entered on December 2, 2004. As the prevailing party, Stafford moves for an award of attorney's fees under § 408.221(c) of the Texas Labor Code.

## II. Analysis

---

[1] The following background facts are undisputed and are gleaned from the Joint Pretrial Order submitted by the parties on October 12, 2004.

In diversity cases, state law determines whether a party is entitled to an award of attorney's fees. *Atchison, Topeka and Santa Fe Ry. Co. v. Sherwin-Williams Co.*, 963 F.2d 746, 751 (5th Cir. 1992).[2] Section 408.221(c) of the Texas Labor Code provides that an insurance carrier that seeks judicial review of a final decision of a TWCC Appeals Panel regarding the compensability or eligibility of income benefits is liable for "reasonable and necessary attorney's fees . . . incurred by the claimant as a result of the insurance carrier's appeal if the claimant prevails on an issue on which judicial review is sought by the insurance carrier . . .." TEX. LABOR CODE § 408.221(c). An attorney's fee is based on the attorney's time and expenses. *Id.* at § 408.221(b).

The Texas Labor Code provides a number of factors to be considered by a court in approving an attorney's fee, including:

1) the time and labor required;

2) the novelty and difficulty of the questions involved;

3) the skill required to perform the legal services properly;

4) the fee customarily charged in the locality for similar legal services;

5) the amount involved in the controversy;

6) the benefits to the claimant that the attorney is responsible for securing; and

7) the experience and ability of the attorney performing the services.

---

[2] The Court notes that while Stafford's entitlement to attorney's fees is clearly governed by Texas law, it remains unsettled whether federal or state law controls the calculation of reasonable fees. *Robinson v. State Farm Fire & Cas. Co.*, 13 F.3d 160, 164 (5th Cir. 1994); *Keeton v. Wal-Mart Stores, Inc.*, 21 F.Supp.2d 653, 656-57 (E.D. Tex. 1998). The Fifth Circuit has sidestepped this issue "because the Texas courts look to many of the same factors as do the federal court in making attorney-fee awards." *Robinson*, 13 F.3d at 164. Here, as discussed *infra*, the Texas Labor Code enumerates seven factors to be considered by a court in approving attorney's fees under § 408.221. TEX. LABOR CODE § 408.221(d). Because these factors are largely subsumed within the *Johnson* factors applied in federal cases, discussed *infra*, the Court finds that the application of either state or federal law would yield the same results.

3

TEX. LABOR CODE § 408.221(d).

In awarding statutorily-authorized attorney's fees, district courts in the Fifth Circuit employ a two-step procedure. *See Louisiana Power and Light Co. v. Kellstrom*, 50 F.3d 319, 323-24 (5th Cir. 1995). First, the reasonable number of hours expended by counsel is multiplied by the reasonable hourly rate charged by lawyers in the community. *Id.* at 324. The product of this multiplication is the base fee, or "lodestar", which the Court then either accepts or adjusts upward or downward based on twelve factors enunciated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).[3] The Court may modify the lodestar if any of the *Johnson* factors not already considered in the reasonable fee analysis warrant an adjustment. *See Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). The lodestar is presumptively reasonable, however, and should be modified only in exceptional cases. *Id.* (citing *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)).

## A.   Whether the Hourly Rates Charged by Stafford's Attorneys are Reasonable

Stafford seeks reimbursement for $85,668.04 in fees and expenses for the work of six different lawyers who billed at hourly rates ranging from $350.00 down to $225.00. Old Republic objects to the hourly rates of the six attorneys who represented Stafford, contending that they far exceed the standard fees sought by Dallas lawyers for performing similar work. Reasonable hourly rates are determined by the "prevailing market rates in the relevant community" for similar services by lawyers of comparable skill, experience, and reputation. *League of United Latin Am. Citizens #4552 v. Roscoe*

---

[3] The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the case; (3) the skill required; (4) the preclusion of other employment; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed; (8) the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d at 717-19.

4

*Indep. Sch. Dist.*, 119 F.3d 1228, 1234 (5th Cir. 1997); *Wheeler v. Mental Health and Mental Retardation Auth. of Harris County, Texas*, 752 F.2d 1063, 1073 (5th Cir. 1985).  The forum district, here Dallas, Texas, is generally the relevant "market."  *Hawkins v. Nat'l Ass'n of Sec. Dealers, Inc.*, 1998 WL 74259, at *1 (N.D. Tex. Feb. 13, 1998).  Stafford shoulders the burden of producing satisfactory evidence, in addition to his attorneys' affidavits, that the requested rate is consistent with prevailing market rates.  *Wheeler*, 752 F.2d at 1073; *Guidry v. Jen Marine, LLC*, 2003 WL 23095590, at *4 (E.D. La. Dec. 24, 2003).  "When the attorney's customary hourly rate is within the range of hourly fees in the prevailing market, that rate should be considered in setting a reasonable hourly rate."  *League*, 119 F.3d at 1234.

As stated, six attorneys performed legal work for Stafford in this matter.  Jeffrey L. Raizner and Michael P. Doyle, of the Doyle Raizner LLP law firm, both seek compensation at the rate of $350.00 per hour.  Jack F. Burleigh and Timothy N. Smith, also of Doyle Raizner, seek compensation at the rate of $250.00 per hour.  Peter N. Rogers of Rogers, Booker and Trevino, seeks compensation at the rate of $225.00 per hour, and Byron C. Keeling, of Holman, Keeling & York, seeks compensation at the rate of $350.00 per hour.  Based upon Stafford's supplemental filings, the Court finds that these billable rates are reasonable.  Mr. Raizner has almost 13 years of litigation experience, has represented clients in sophisticated commercial cases, and is an equity party in the Doyle Raizner law firm.  (App. to Def.'s Supp. Submission of Evid. ["Def.'s App."] at Ex. 1, pp. 1-3).  A significant part of his current practice includes the representation of workers' compensation claimants, and he has written and published Continuing Legal Education materials related to workers' compensation matters.  (*Id.* at p. 3).  Mr. Doyle has approximately 15 years of litigation experience and currently represents plaintiffs in complex cases involving maritime law, medical negligence, insurance bad

5

faith, deceptive trade issues, toxic torts, and product liability.  (*Id.* at Tab B).

Mr. Raizner opines that the hourly rate for himself, his co-partner, Mr. Doyle, and Mssrs. Smith, Burleigh, and Rogers are reasonable and consistent with the rates charged for similar services by attorneys of comparable skill, experience, and reputation in the Dallas legal community.  (*Id.* at Ex. 1, p. 4).  Attached to Stafford's supplemental application is an affidavit from Kay E. Coggin, who has handled workers' compensation and personal injury matters for approximately 17 years.  (*Id.* at Ex. 3, p. 1).  Ms. Coggin states that the rates charged by Messrs. Raizner, Doyle, Burleigh, Smith, and Rogers are reasonable and consist with what other lawyers of comparable skill, experience, and reputation in the Dallas area charge for like services.  (*Id.* at pp. 1-2).  While Ms. Coggin's billing rate is currently $300.00 per hour, she states that she has "seen other attorneys representing the claimant in this type of dispute charge as low as $225.00 per hour and as high as $350.00 per hour."  (*Id.* at 3).

Stafford has also presented evidence from a Texas Lawyer survey showing that the average billing rate for an equity partner in the Dallas area for 2004 was $361.00 per hour.  (*Id.* at Ex. 6, p. 14).  The average billing rate for equity partners in firms with fewer than 30 lawyers was $299.00 per hour, and for firms with over 100 lawyers, the rate was $488.00 per hour.  (*Id.*).  Although the Doyle Raizner law firm has fewer than 30 attorneys, the Court finds that the $350.00 billing rate for Mssrs. Doyle and Raizner is reasonable given their distinguished background and level of experience.  *See Fin. Ins. Co. v. Ragsdale*, 2005 WL 1536279, at * 7-8 (Tex. App. – El Paso, June 30, 2005, no pet.) (finding "ample evidence" to support award of attorney's fees in workers' compensation case where attorney billing rate amounted to $377.36 per hour).  The Court further finds that the billing rates for Mssrs. Smith and Burleigh, at the rate of $250.00 per hour, and for Mr. Rogers, at the rate of

6

$225.00 per hour, are reasonable.

Old Republic makes a tortured argument in its supplemental briefing that Stafford's billing rates are subject to a $150.00 per hour statutory cap. First, the Court must express its befuddlement, and displeasure, with Old Republic for now arguing that a $150.00 statutory cap governs this case while, in its previously-filed objections to Stafford's fee application it represented to the Court that "judicial review cases are not controlled by the maximum hourly rate per hour", but that instead the $150.00 per hour figure should merely provide "guidance" to the Court when making its determination as to the reasonableness of hourly rates. (Old Republic's Obj. to Def.'s Fee Application, at 4). Old Republic provides no explanation for the contradiction between its own briefs.

Nevertheless, despite Old Republic's reversal of position, its current argument is without merit. As stated above, § 408.221(c) of the Texas Labor Code provides that an insurance carrier that seeks judicial review of a final decision of a TWCC Appeals Panel decision is liable for a prevailing claimant's reasonable and necessary attorney's fees incurred as a result of the carrier's appeal. TEX. LABOR CODE § 408.221(c). Section 408.221(d) then goes on to list a number of factors for the Court to consider in approving an attorney's fee under the section. *Id.* at § 408.221(d). Notably, § 408.221(c) states that "[a]n award of attorney's fees under this subsection is *not* subject to commission rules adopted under Subsection (f)." *Id.* at § 408.221(c) (emphasis added). Subsection (f) provides that "[t]he commission by rule shall provide guidelines for maximum attorney's fees for specific services in accordance with this section." *Id.* at § 408.221(f).

Notwithstanding § 408.221(c)'s plain statement that an award of attorney's fees under that subsection is not subject to commission rules adopted under subsection (f), Old Republic goes

7

straight to the commission rules to argue that the $150.00 cap on hourly attorney rates provided by § 152.4 of those rules operates to cap any award of attorney's fees to Stafford in this case. Old Republic's strained logic appears to be as follows: while § 408.221(c) does provide that an award of attorney's fees under that subsection is not subject to commission rules promulgated under subsection (f), subsection (f) only provides that the commission shall provide guidelines for maximum attorney's fees for specific services. Those guidelines are set forth in the commission rules at § 152.4(c). 28 TEX. ADMIN. CODE § 152.4(c). Section 152.4 (d) of the rules, which sets forth the maximum hourly rate for legal services, is not a part of the guidelines for specific legal services set forth in § 152.4(c). Therefore, says Old Republic, there is nothing to bar the application of § 152.4(d)'s rate cap to an award of attorney's fees under § 408.221(c).

The Court disagrees with Old Republic's reading of these provisions. First, the maximum hourly rates established by § 152.4(d) are naturally viewed as part of the commission's "guidelines for maximum attorney's fees for specific services" as contemplated by § 408.221(f). Section 152.4(c) merely sets forth guidelines for maximum total *hours* that can be charged to claimants and carriers. Section 152.4(d) sets a cap on the *hourly rates* that can be charged. Together, those sections provide guidelines on the "maximum *attorney's fees* for specific services." Thus, the statutory caps imposed by § 152.4(d) of the commission rules are inapplicable to this action per § 408.221(c). And in any event, the commission rules themselves provide that § 152.4 does not apply to fee awards in cases where an employee prevails in an action brought by a carrier to contest a commission determination of eligibility for supplemental income benefits. 28 TEX. ADMIN. CODE § 152.1(f). Furthermore, § 152.4 provides that the factors outlined thereunder shall be considered by "the Commission"; it does not speak of "courts", thus indicating that the section does not apply to judicial review cases, as Old

8

Republic originally conceded.

The Court has also considered the affidavits of Kenneth K. Stephens, David Michael Hymer, and Darryl J. Silvera submitted by Old Republic.  However, these affidavits do not alter the Court's conclusion that Stafford has shown that the hourly rates charged by his attorneys are reasonable. Mr. Stephens states that the fee award sought by Stafford represents only "one of the highest" fee requests he has seen since the enactment of § 408.221(c) in 2001, thus suggesting that he has seen fee requests of similar magnitude.  (Old Republic's Resp. to Def.'s Supp. Submission ["Pl.'s Resp. App."], at Ex. B, p.2).  Mr. Stephens also states that he believes that the $350.00 rate requested by Mssrs. Raizner and Doyle are not reasonable because the rules of the TWCC and the Texas Labor Code provide that the reasonable hourly rate for representation of both injured employees and insurance carriers is $150.00 per hour.  (*Id.* at p. 4).  As discussed above, however, the $150.00 statutory cap does not apply to fee awards under § 408.221(c).  Mr. Stephens's opinion that any hourly rate in excess of $150.00 is in itself unreasonable is thus entitled to little weight.

David Hymer, a Texas board-certified lawyer in workers' compensation law, also disputes that the $350.00 rate charged by Mssrs. Doyle and Raizner is consistent with the prevailing market rates for attorneys handling workers' compensation matters in Dallas.  He states that he is "not aware of any other cases or any other law firms where counsel for the injured worker has sought recovery of fees under Texas Labor Code § 408.221 at the $350.00 per hour rate."  (*Id.* at Ex. B).  Daryl Silvera also states that "$350.00 per hour is not the prevailing market rate in Dallas County, Texas for attorneys handling workers' compensation cases."  (*Id.* at Ex. C, p. 8).  Even so, neither Mr. Hymer nor Mr. Silvera enlighten the Court as to just what the prevailing market rate for handling such cases in Dallas is, leaving the Court without any meaningful guide to assess the reasonableness

9

of the fees charged by Stafford's attorneys.  Nor do they evaluate the rates charged by Mssrs. Doyle and Raizner in light of their experience, skill, and reputation.  In short, the Court finds that Old Republic has failed to cast sufficient doubt on Stafford's evidence that the rates charged by his attorneys are consistent with prevailing market rates for similar services by lawyers of comparable skill, experience, and reputation.  In sum, for the reasons stated above, the Court accepts the rates charged by Stafford's attorneys as reasonable.

**B.      Reasonableness of Hours Expended**

The Court must next determine the number of hours by which such hourly rates should be multiplied.  Old Republic disputes the number of hours Stafford's attorneys claim to have reasonably expended on this litigation.  First, Old Republic complains that Stafford simply had too many lawyers representing him.  Old Republic contends that only one of Stafford's six lawyers, Mr. Raizner, actually participated at trial and that the other five attorneys who performed legal work for Stafford throughout this case were simply "non-participants" whose fees should be excluded from the fee calculation.  Old Republic overlooks the fact that this case was filed on July 17, 2003, about a year and three months before the trial even began.  Mr. Raizner did not even bill *any* time on this case until October 6, 2004, less than a week before trial started.  Old Republic cannot seriously contend that no legal work should have been expended on Stafford's behalf until less than one week before trial.  Section 408.221(c), by its terms, provides that a claimant is entitled to recover its reasonable and necessary attorney's fees incurred "as a result of the insurance carrier's appeal".  TEX. LABOR CODE § 408.221(c).  This necessarily includes recovery for all attorney's fees incurred since the inception of the case, not just those fees incurred at, and in preparation for, trial by only the lead trial attorney.

10

Old Republic also contends that Mssrs. Burleigh and Rogers's presence at the trial was wholly superfluous because they did not conduct voir dire, examine witnesses, or present argument before the jury or Court.  But merely because some attorneys may not have speaking roles at trial does not mean that they did not actively participate in the trial.  Among other things, attorneys may prepare exhibits, craft questions for the examining attorney to ask, take notes, perform legal research, and consult and strategize with the lead trial attorney.  Here, the record shows that Mr. Rogers was particularly valuable given his long experience and expertise in handling workers' compensation matters and his involvement with this case since its early stages.  Mr. Rogers's long history with this case, and presumed knowledge of its facts, would be peculiarly helpful in a situation as exists here, where Mr. Raizner, Stafford's lead trial attorney, had little if any involvement with this case until less than one week before trial started.

Stafford still must show that billing judgment was exercised, however.  *Green v. Admin'rs of the Tulane Educ. Fund*, 284 F.3d 642, 662 (5th Cir. 2002).  "Billing judgment is usually shown by the attorney writing off unproductive, excessive, or redundant hours."  *Id.*  Where multiple attorneys staff a case the Court must scrutinize whether efforts were duplicated and time properly utilized.  *Walker v. U.S. Dep't of Housing and Urban Dev.*, 99 F.3d 761, 768 (5th Cir. 1996).  "The time of two or three lawyers in a courtroom or conference when one would do, may obviously be discounted."  *Id.*  Stafford has failed to explain here why three attorneys needed to be present in the courtroom during the trial of this cause.  While this case did raise some interesting evidentiary issues during trial proceedings, the Court can hardly say that such issues were in any way novel or of deep complexity.  Considered as a whole, this case was relatively straightforward and could easily have been tried by two, rather than three, attorneys.  While the Court does not intend to diminish the contributions

11

of any of the three attorneys who represented Stafford at trial, it finds that Stafford has failed to demonstrate why three lawyers were necessary.  The Court will accordingly not include in the fee calculation any time billed by Mr. Burleigh during the course of the three-day trial on October 12, 13, and 15, 2004.

Old Republic also objects to the fees sought by Byron C. Keeling, retained by Stafford as an "appellate specialist".  Mr. Keeling states that he has "spent 2.8 hours of time at $350 per hour in reviewing the materials necessary to prepare this affidavit and to begin the analysis of the potential appeal of the defense of this matter."  (Def.'s App. at Ex. 2, p. 4).  The Court agrees with Old Republic that Stafford has failed to justify the necessity of Keeling's services in this matter, as no post-judgment motions have been filed requiring the review of an appellate lawyer.  Mr. Keeling's hours shall thus be deducted from the hours calculation.

The Court next examines Old Republic's charge that Stafford's attorneys performed duplicative legal work. First, Old Republic complains that the time sheets for Mssrs. Raizner, Rogers, and Burleigh during the week of October 11, 2004 depict billing for "trial preparation"without providing an itemization of the specific tasks that were performed.  Having reviewed the time records submitted by Stafford's attorneys, the Court finds that any duplication of time during the week of October 11, 2004 will be accounted for by the Court's decision to deduct the hours recorded by Mr. Burleigh during the days of trial (October 12, 13, and 15, 2004), which include time recorded for "trial preparation", from the fee award.  Subtracting those hours, the Court finds that the remaining hours spent by Stafford's attorneys on trial preparation was not unreasonable.

Old Republic also complains that the time records of all three of Stafford's trial attorneys reflect that each attorney performed legal research pertaining to the jury charge.  Mr. Raizner's time

sheet indicates that he spent 7.25 hours on October 14, 2004 preparing for the final day of trial, working on jury charge issues, researching legal issues regarding the charge, and returning to Dallas for the final day of trial.  Mr. Rogers's time sheet shows that he spent 4 hours on September 20, 2004 performing legal research, reviewing the jury charge, working on "questions", and preparing the motion in limine.  Mr. Burleigh spent 5.75 hours on October 14 researching issues regarding the jury charge and revising the charge.  Thus, the record shows that Messrs. Raizner and Rogers performed additional tasks in addition to simply working on the jury charge on the dates on which they recorded time for jury charge work.  And the Court finds that some duplication of work on the jury charge is reasonable considering that the charge is possibly the most important legal instrument of the entire litigation, and considering that certain legal issues arose at the charge conference which necessitated further re-working of the charge.  In short, the Court declines to deduct any time recorded by Stafford's attorneys for their work on the jury charge.

Next, Old Republic claims that § 408.221 does not provide for the recovery of attorney's fees incurred from preparing an application for attorney's fees and that, even if it did, Mssrs. Raizner and Burleigh duplicated their time preparing Stafford's application.  First, the Court finds that Stafford is entitled to recover attorney's fees for time spent on preparing his fee application.  Section 408.221(c) provides that a claimant that prevails on a carrier's appeal is entitled to attorney's fees incurred "as a result of the insurance carrier's appeal."  The preparation of a fee application for fees that are specifically provided for by statute necessarily result from the carrier's appeal.  Second, the Court finds that the 7.5 hours spent by Mr. Burleigh and the 1.75 hours spent by Mr. Raizner on the fee application were reasonable and not duplicative.

Old Republic also points out specific discrepancies in Mr. Rogers's affidavit.  It notes that Mr.

13

Rogers has billed 10.50 hours for his participation at trial on October 14, 2004. Old Republic correctly notes that trial did not take place on that day, and 10.50 hours must therefore be deducted from the fee calculation. Old Republic also challenges Mr. Rogers's billing entry on May 20, 2004, which indicates that he spent .25 hours receiving and reviewing Defendant's deposition of experts and a letter regarding Dr. Suss. Mr. Silvera states in his affidavit, however, that no experts were deposed before trial in this case, rendering any review of an expert's deposition impossible. (Pl.'s Supp. Resp. App. at Ex. C, p. 6). In the absence of any supplemental or explanatory evidence submitted by Stafford, the Court will deduct an additional .25 hours from the time charged by Mr. Rogers.

Old Republic next objects to certain billings by Mr. Smith as excessive for the work performed. Old Republic contends that only limited discovery was conducted in this case, and that it only served one set of requests for production and one set of interrogatories on Stafford. The Court finds that the 7.75 hours expended by Mr. Smith in preparing responses to this discovery was not unreasonable. Old Republic also complains of Mr. Smith's June 24, 2004 billing of 11 hours of time for the deposition of Stafford and for traveling to and from that deposition. Old Republic contends that Stafford's deposition started at 2:21 p.m. and concluded at 4:02 p.m. The Court agrees that the 11 hours recorded for this deposition is excessive. Allowing two hours for the taking of Stafford's deposition and 1 hour and 30 minutes for travel time to and from Houston, the Court finds that five hours is a reasonable expenditure of time in connection with the taking of Stafford's deposition. Mr. Smith's time shall accordingly be reduced by six hours.

To summarize the foregoing discussion, the Court determines that the lodestar figure should be calculated as follows:

14

| Attorney | Hours | Billing Rate/Hour | Total Fee |
|---|---|---|---|
| Mike Doyle | 17.25 | $350.00 | $ 6,037.50 |
| Jeffrey Raizner | 71.5 | $350.00 | $ 25,025.00 |
| Jack F. Burleigh | 110.5<br>- 28.25 (*total time billed on October 12, 13, and 15*)<br><u>82.25</u> | $250.00 | $20,562.50 |
| Timothy N. Smith | 22.65<br>- 6.00 (*excessive hours*)<br><u>16.62</u> | $250.00 | $4,162.50 |
| Peter N. Rogers | 50.00<br>- 10.5 (*no trial on October 14, 2004*)<br>- .25 (*review of expert deposition*)<br><u>39.25</u> | $225.00 | $ 8,831.25 |
| Byron C. Keeling | 2.8<br>- 2.8 (*no showing of necessity for appellate specialist*)<br><u>0</u> | $350.00 | $ 0.00 |
| Total Lodestar Amount | | | $ 64,618.75 |

## C.     Whether the Lodestar Fee Should be Adjusted

The Court must next consider whether it should make any upward or downward adjustment

based on the *Johnson* factors and/or the factors enumerated in § 408.221(d) that were not already

subsumed in the lodestar calculation. The Fifth Circuit has stated that *Johnson* factors one and seven

are included in the lodestar calculation and should not be analyzed again when considering lodestar

adjustments. *Walker*, 99 F.3d at 771-72 (5th Cir. 1996). As to some of the other factors, the Fifth

Circuit has further explained:

> The Supreme Court has limited greatly the use of the second, third, eighth, and ninth factors, . . . and we have held that enhancements based upon these factors are only appropriate in rare cases supported by specific evidence in the record and detailed findings by the courts . . . An enhancement based on the eighth factor is appropriate only when the fee applicant can demonstrate that it is customary in the area for attorneys to charge an additional fee above their hourly rates for an exceptional result . . . The Supreme Court has barred any use of the sixth factor.

*Id.* (citations, internal quotations, and footnotes omitted.).

Applying the *Johnson* factors, the Court finds that this case does not present exceptional circumstances warranting an adjustment of the lodestar fee. *See City of Burlington*, 505 U.S. at 562. As stated above, an analysis of the first and seventh factors is included in the loadstar calculation and need not be repeated. *Walker*, 99 F.3d at 771-72. Factors two and three – the novelty and difficulty of the case and the skill required to prosecute it– has also presumably been considered, insofar as it played a role in the determination of reasonable hourly rates in this case. Nonetheless the Court finds that this case required a certain degree of skill and was in some ways difficult, as it involved complex medical issues and heavily disputed evidentiary issues. However, as this case was, on balance, a quotidian workers' compensation case, the application of the second and third *Johnson* factors do not warrant an upward adjustment of the lodestar.

Mr. Raizner states that, given the relative small size of his firm, the acceptance of this case necessarily impacted the firm's ability to accept other cases. He was unable to point to specific examples of cases that the firm declined because of this case, however. The Court finds that this factor is a wash and should not operate to affect the lodestar. The Court further finds that the fifth, ninth, and twelfth factors have already been considered in the Court's determination of the hourly rates charged by Stafford's attorneys. The $350.00 hourly rate charged by Mssrs. Raizner and Doyle, while seemingly high for representation of a workers' compensation appeal, is reasonable given their

experience and skill, and the demonstrated ability of Mr. Raizner at trial. The remaining factors do not sway the Court to modify the lodestar here. In summary, after a thorough review, the Court finds that no need exists for any adjustment to the lodestar fee. Therefore, the lodestar fee of $64,618.75 should be the final attorney's fee for work performed by Stafford's attorneys in this case.

## D.    Expenses

Finally, Old Republic now contends that Stafford is not entitled to recover his expenses in this litigation. This, despite the fact that in its previous filing Old Republic simply objected to the reimbursement of such expenses because Stafford failed to adequately document them; no challenge was made to Stafford's entitlement to recover expenses. (Old Republic's Obj. to Def.'s Fee Application, at 10-11). Again, however, Old Republic's newfound argument falters. Section 408.221(b) specifically provides that "an attorney's fee under this section is based on the attorney's time *and expenses* according to written evidence presented to the . . . court." TEX. LABOR CODE § 408.221(b) (emphasis added). However, the Court agrees with Old Republic's original point that Stafford is not entitled to recover his expenses in the absence of authenticating documents. Accordingly, the Court orders Stafford to provide the Court with invoices, receipts, and supporting affidavits (including descriptions of the nature of each expense and the reasons therefor) within 10 days of the date of this order.

## E.    Old Republic's Motion for Approval of Attorney's Fees

Section 408.222(a) of the Texas Labor Code provides that "[t]he amount of an attorney's fee for defending an insurance carrier in a workers' compensation action brought under this subtitle must be approved by the commission or court and determined by the commission or court to be reasonable and necessary." TEX. LABOR CODE § 408.222(a). Subsection (b) requires defense counsel

17

to present written evidence to the Court relating to: "(1) the time spent and expenses incurred in defending the case; and (2) other evidence considered necessary by the commission or court in making a determination under this section." *Id.* at § 408.222(b). The Court first questions whether § 408.222 even applies to this case, inasmuch as Plaintiff's counsel initiated this action and is not "defending" but rather "representing" Old Republic. And second, even if § 408.222 applies, Old Republic has failed to provide the time spent on "defending" this case, nor has it provided any evidence supporting its attorney's fees and expenses. Therefore, the Court denies Old Republic's motion without prejudice to its refiling. If Old Republic chooses to file an amended motion it must do so within 10 days from the date of this order.

### III.  Conclusion

It is therefore ORDERED that Defendant Ronald Stafford's Motion for Approval of Second and Final Application for Defendant's Attorneys' Fees be, and it is hereby, GRANTED in part. Defendant Ronald Stafford shall have and recover from the Plaintiff Old Republic his reasonable and necessary attorney's fees in the amount of $64,368.75. The Court ORDERS that this sum shall be paid within 30 days of the date of this order. Stafford shall have 10 days from the date of this order to provide documents authenticating his claim of expenses. Old Republic's objections to Stafford's supplemental evidence are OVERRULED to the extent not addressed in this order. Old Republic's Motion for Approval of Attorney's Fees is DENIED without prejudice. Old Republic may file a new motion and supporting evidence if it so chooses within 10 days of the date of this order.

18

SO ORDERED.

SIGNED August __22nd____, 2005


JANE J. BOYLE
UNITED STATES DISTRICT JUDGE